THE BAVARIAN BREWING COMPANY, a corporation of the State of
Delaware, *vs.* FRANCES SOBOCIENSKI, Admx. of Alexander SOBO-
CIENSKI, deceased.

SAME *vs.* STANLEY L. SOBOCIENSKI.

SAME *vs.* JOHN RETKOWSKI.

1. BILLS AND NOTES—PERSONS PLACING NAMES IN SUCCESSION ON BACK
OF NOTE JOINTLY AND SEVERALLY LIABLE; "INDORSER."

In view of *Rev. Code* 1915, §§ 2707, 2712, persons placing their names in
succession upon the back of a promissory note are indorsers and are jointly
and severally liable, in the absence at least of a showing of an agreement that
they should not be so bound.

2. BILLS AND NOTES—WRITTEN AGREEMENT DID NOT RENDER SIGNERS ON
BACK OF NOTE JOINT MAKERS.

Where four persons signed in succession on the back of a note, an agree-
ment between such signers that "they will indorse the said note," etc., and any
renewal thereof, did not change the nature of their liability from joint and
several indorsers to joint indorsers, in view of *Rev. Code* 1915, § 2628, provid-
ing that an obligation or written contract of several persons shall be joint and
several, unless otherwise expressed.

(*February* 14, 1920.)

CONRAD and HEISEL, J. J., sitting.

*Richard S. Rodney* (of *Saulsbury, Morris* and *Rodney*) for
plaintiff.

*William F. Kurtz* for defendants.

Superior Court for New Castle County, January Term, 1920.

SUMMONS CASES, Nos. 126, 127, 128, May Term, 1919.

Three actions by the Bavarian Brewing Company against
Frances Sobocienski, administratrix of Alexander Sobocienski, de-
ceased, and Stanley L. Sobocienski and John Retkowski, severally.
On demurrers to pleas in abatement. Demurrers sustained.

This action is on a renewal promissory note made by P., the
original having been made by P. and her husband, since deceased,
payable to the plaintiff company against Frances Sobocienski,
administratrix of Alexander Sobocienski, one of four several en-
dorsers on the note before delivery. The plaintiff company payee
discounted the note, at, etc., which not being paid at maturity,
was protested and returned to the payee. S., the fourth endorser,

afterwards made payment to payee of his *pro rata* liability on the note. The plaintiff company brought separate actions on the renewal note against the maker, two of the endorsers and the administratrix of the remaining endorser, deceased. A plea in abatement to the declaration was filed in each of the last three cases for the reason that all the endorsers had not been joined in one action, averring, *inter alia,* "that the several supposed promises and undertakings in said declaration mentioned, if any such were made, were, and each of them, was made by the said defendant jointly with one" R., S., and S., "and that the obligation of said endorsement of said promissory note sued upon in this cause was joint and not several is evidenced by a collateral agreement," shown to the court, the essential part thereof for the purpose of the contention of the defendant, in support of his pleas, appears in the opinion of the court. The pleas concluded with a verification, not, however, supported by an affidavit; and prayed judgment of said writ and declaration and that the same may be quashed.

The plaintiff demurred specially to each plea and showed causes (1) that the plea is not duly verified, and (2) is in other respects uncertain, informal and insufficient. It was contended for the plaintiff:

That all pleas to the jurisdiction and in abatement must be verified. 4 *Anne, c.* 16, § 11; *Woolley on Del. Prac.* 465; 1 *Chitty,* 462.

That the holder of a promissory note may sue all or any of the endorsers. *Hollis v. Vandergrift,* 5 *Houst* 521.

That "where a person places his endorsement on an instrument negotiable by delivery, he incurs all the liabilities of an endorser." *Rev. Code* 1915, § 2711; also section 2710.

That " * * * joint payees or joint endorsers who endorse are deemed to endorse jointly and severally." *Id.* § 2712.

That "an obligation, or written contract, of several persons, shall be joint and several, unless otherwise expressed." *Id.* § 2628.

That the pleas in abatement in these cases are not good, because (1) they are not verified, and (2) there is no merit in the contention made.

Counsel for defendants replied:

That *Gale v. Myers*, 4 *Houst.* 546, creates a serious doubt as to the applicability of *Rev. Code* 1915, § 2628, to a promissory note as contended for plaintiff.

That prior to the passage of the Uniform Negotiable Instruments Law, the three defendants would have been presumed to be joint makers. *Gilpin v. Marley*, 4 *Houst*, 284, 285; *Massey v. Turner*, 2 *Houst.* 79 (87).

Notwithstanding these decisions, the three defendants here are endorsers because the collateral agreement accompanying the note sued on so specifically characterizes them, thus overcoming the presumption of being makers. But the defendants should be held to be joint endorsers, by a parity of reasoning in those cases.

According to plaintiff's contention, it would be practically impossible for two or more to endorse a promissory note so as to preclude the holder thereof from suing them severally.

The original note was executed and delivered simultaneously with a collateral agreement stipulating and defining the duties, rights, and liabilities of the parties under said note, and the legal effect of the agreement is that the defendants are not liable separately as sued, but their liability, if any, is as joint endorsers.

HEISEL, J., delivering the opinion of the Court:

There are three cases, Nos. 126, 127, and 128, May Term, 1919, involving the same question.

The actions are based upon a promissory note, and are against the administratrix of one endorser and two other endorsers, severally.

The note signed by the maker, endorsed by four endorsers, was not paid at maturity, was protested, and is now in the possession of, and the suits are brought by, the original payee. The fourth endorser was not sued.

The defendants pleaded in abatement alleging that the endorsements were joint and not joint and several, and that this was further evidenced by a certain agreement in writing entered into at the time of making the original note (of which the note sued upon was a renewal) between the makers, the endorsers, and the payee, the plaintiff in these actions. The part of said agreement relevant to the question now before us is as follows:

"And the said Alexander Sobocienski, Stanley L. Sobocienski, John Retkowski and Stanley W. Salamon, parties of the second part, agree for themselves that they will endorse the said note of the said Maryan F. Poniecki and Jennie Poniecki, his wife, for the sum of thirty-two hundred dollars as above set out, and further agree, when and as the said note or any renewal thereof became due and payable to sign, execute and deliver a renewal note to take the place of the one so falling due."

To the plea in abatement the plaintiff demurred specially and generally, alleging as reason for his special demurrer that the truth of the plea was not verified by an affidavit.

Upon the production of the proper affidavits by counsel for defendants at the argument, the special demurrer was not pressed.

Are the defendants in the three cases now under consideration and the deceased endorser joint endorsers, or are they joint and several endorsers is the question to be determined by us.

[1]  Nothing appears upon either the face or the back of the note to distinguish it from the ordinary promissory note signed by the maker, payable to the order of the payee, and signed by four persons whose names appear in succession upon the back of the note.

*Section* 2707, *Code* 1915, being a part of the Negotiable Instruments Act, provides:

"A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor, is deemed to be an endorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

Under the foregoing section, there can be no question that in so far as anything appears from the note itself, the defendants are endorsers and not joint makers as they would have been under the law of this state prior to the adoption of said section.

Being endorsers they are also deemed to be jointly and severally liable under section 2712 of the *Code* which provides that "* * * joint payees or joint endorsers who endorse are deemed to endorse jointly and severally."

Therefore, from the note alone, it would seem to be clear that the defendants are jointly and severally liable.

[2]  The agreement set up by defendants in their plea in abatement, we think, does not change the nature of their liability

from joint and several endorsers as determined by the note, to joint endorsers, as claimed by them.

Their obligation in the agreement is that "they will endorse the said note," etc. Under our statute this obligation to endorse is itself, joint and several, and it seems to us to have little or no effect in determining whether the endorsements in question are joint or joint and several.

*Section* 2628 of the *Code* provides:

"An obligation, or written contract, of several persons, shall be joint and several, unless otherwise expressed."

We are of opinion that the defendants were joint and several endorsers, that the demurrer should be sustained, and so order.